

FILED
JOHN P. HEHMAN
CLERK

2014 SEP 12  AM 11: 24

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VERONICA ROEDERER**
12297 Cleo Road
Orient, OH  43146

       Plaintiff,

vs.

**UNUM GROUP CORPORATION**
c/o Statutory Agent
CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, OH 43215

       and

**ALERE HEALTH
IMPROVEMENT COMPANY**
c/o Statutory Agent
CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, OH 43215

       Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.: **2:14 CV 1536**

Judge  JUDGE WATSON

Magistrate

MAGISTRATE JUDGE KEMP

## <u>COMPLAINT</u>

For her Complaint against the Defendant, Unum Group Corporation, Plaintiff,

Veronica Roederer states as follows:

### Parties

1.    The Plaintiff, Veronica Roederer, was at all relevant times an employee of Alere

Health Improvement Company ("Alere") and a participant in an employee benefit plan (the

"Plan") established and maintained by Unum Group Corporation under the provisions of the

Employee Retirement Income Security Act for the purpose of paying short-term and/or long-term

disability benefits.

2.      The Defendant, Unum Group Corporation (hereinafter "Unum"), is the insurer and/or administrator, under Policy No. 68742 (the "Policy"), of the short-term disability benefits at issue in this case. Unum may also be the insurer of the follow-on long-term disability benefits also at issue in this case. Unum is, therefore, the real party in interest with respect to this claim.

3.      The Defendant, Alere Health Improvement Company, was the self-insuring employer of Plaintiff Veronica Roederer in Worthington, Franklin County, Ohio.

### Jurisdiction and Venue

4.      The Plaintiff's claims arise under ERISA.   Jurisdiction is based on 29 U.S.C. § 1132.

5.      The Plan is administered, in part, in Franklin County, Ohio. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

### Facts Common to All Claims

6.      The Plaintiff, Veronica Roederer, was employed by Alere as a Personal Health Consultant I - RN.

7.      As an employee of Alere, Veronica Roederer was eligible to participate in the Plan.

8.      Under the Policy, Roederer was entitled to disability benefits if she met the definition of disabled under the Policy.

9.      After expiration of the short term disability period, Roederer was entitled to long term disability benefits so long as she met the definition under the Policy.

10.     On or about February 26, 2013, Roederer became disabled and applied to Unum and Alere for disability benefits.

11.     Unum approved Roederer's claim on March 5, 2013 with a date of disability of

2

February 27, 2013.

12.     Unum ultimately discontinued Roederer's disability benefits as of April 19, 2013, stating, "[T]he information in your client's claim file does not support restrictions and limitations that would prevent her from performing the duties of her own occupation past April 19, 2013. The decision to deny benefits on her claim is appropriate."

### Count I-For Short-Term Benefits

13.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

14.     Roederer brings this claim under 29 U.S.C. §1132 and seeks payment of short-term disability benefits.

15.     Roederer is disabled under the Plan and is entitled to short-term disability benefits.

16.     Unum's decision denying Roederer claim was arbitrary and capricious because, *inter alia*, in light of Roederer's physical diagnosis and limitations, Roederer is unable to perform the main duties or tasks that are normally required; and Unum ignored Roederer's doctor's opinion.

17.     Roederer is entitled to short-term disability benefits and seeks an award of those benefits.

### Count II- For Long-Term Benefits

18.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

19.     Roederer brings this claim under 29 U.S.C. § 1132 and seeks payment of long-term disability benefits.

20.     Roederer is disabled under the Plan and is entitled to long-term disability benefits.

21.     Unum's decision denying Roederer claim was arbitrary and capricious because, *inter alia*, in light of Roederer's physical diagnosis and limitations, Roederer is unable to perform the

main duties or tasks that are normally required; and Unum ignored Roederer's doctor's opinion.

WHEREFORE, the Plaintiff, Veronica Roederer, demands judgment in her favor and against the Defendant, Unum Group Corporation, as follows:

A.      A determination that Roederer is disabled and entitled to short-term and long-term disability benefits;

B.      A lump sum award of short-term and long-term disability benefits, calculated based upon the monthly payment to which Roederer was entitled, from the date benefits first should have been paid until the date of judgment;

C.      An order directing Unum to pay a monthly benefit to Roederer commencing on the date of judgment and continuing until Roederer no longer satisfies the definition of disability under the Plan;

D.      Pre-judgment and post-judgment interest;

E.      Attorney's fees and the costs of this action; and

F.      Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

**MATTHEW R. COPP (0063287) – Trial Attorney**
Copp Law Offices
2291 Scioto Harper Drive
Columbus, OH   43204
614-276-8959
614-276-9132 (fax)
mcopp@copplawohio.com
Attorney for Plaintiff, Veronica Roederer